# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABRINA BLACKMAN<br>8214 Frankford Avenue, Apt. 6<br>Philadelphia, PA 19136<br><br>              Plaintiff,<br>    v.<br><br>TYSONS FOODS, INC.<br>d/b/a Tysons Foods<br>520 E. Hunting Park Avenue<br>Philadelphia, PA 19124<br><br>              Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Sabrina Blackman (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Tysons Foods, Inc., d/b/a Tysons Foods (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq*.), 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) (the "Equal Pay Act"), Pennsylvania common law, the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practice Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendant and she suffered damages more fully described/sought herein.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state and city-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Defendant is a multinational corporation based in Springdale, Arkansas, which processes, markets and exports meat. Defendant maintains a facility located at the address set forth in the above-caption, where Plaintiff was hired and was employed

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff (female) was employed by Defendant as a machine operator working at the above-captioned location.

11. In total, Plaintiff had been employed with Defendant for approximately 3.5 years (being hired in June of 2017).

12. Throughout her employment with Defendant, Plaintiff was a hard-working employee who performed her job well.

13. On or about December 9, 2020, Plaintiff suffered work related-injuries when the back side of her body was hit by company owned and operated equipment (wooden skids) while being moved.

14. Plaintiff immediately notified Defendant ("Coffee," Supervisor (nickname – full name unknown; "Fran," Supervisor (nickname – full name unknown); and "Elizabeth," Human Resource Manager (last name unknown)) about her injuries and also kept those managers apprised that she was unable to physically work at that time, due to the pain which was caused by the work incident.

15. Prior to her workers' compensation injury, Plaintiff has and continues to suffer from longstanding health conditions, including arthritis, which was also known to Defendant.

16. As a result of Plaintiff's aforesaid health conditions, she suffers from pain, swelling, reduced range of motion and stiffness, which limited her ability (at times) to perform some daily life activities, including but not limited to lifting, carrying and working (among other daily life activities).

17. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendant, however, Plaintiff did require some reasonable accommodations while employed with Defendant (as discussed *infra*).

18. Immediately following Plaintiff's workers' compensation injury, she commenced a medical leave of absence, which was a request for a reasonable accommodation (as well as FMLA-eligible leave).

19. Plaintiff's workers' compensation injury exacerbated her preexisting arthritis, and as such, she needed some additional therapy and recovery time from the workplace injury.

20. Notwithstanding Plaintiff's request for time off for her disability and notification to Defendant's management of same, Defendant failed to advise Plaintiff of her individualized FMLA rights, as required by the FMLA, despite the fact that Plaintiff was eligible for FMLA leave.

21. Defendant also failed to designate such leave time as FMLA-qualifying absenteeism. Therefore, Defendant failed to follow proper notice, designation, and informational regulations of the FMLA.

22. Plaintiff was also not provided with any FMLA or other leave documentation. As such, Defendant violated FMLA regulations, which included but were not limited to:

- Failing to provide Plaintiff with required written eligibility notifications of her FMLA rights within 5 days from being notified of her need to take medical leave;[2]

- Failing to provide Plaintiff with written FMLA designation notices within 5 days from her being on medical leave;[3]

- Failing to provide Plaintiff with required written rights and responsibilities notices within 5 days from her being on medical leave;[4] and

---

[2] *See* 29 CFR § 825.300(b)(1).
[3] *See* 29 CFR § 825.300(b)(2).
[4] *See* 29 CFR § 825.300(c)(1)(i)-(vii)

- Failing to provide written FMLA designation notices for a leave.[5]

23. Defendant did not provide Plaintiff with leave under the FMLA, nor did it protect her job for any period of time (or engage in any interactive dialogue with Plaintiff).

24. Defendant's Human Resources ("Elizabeth" and "Ivette") denied Plaintiff's requests for additional time off to recover from her workers' compensation injury, which was also a request for a reasonable accommodation under the ADA (and should have been protected under the FMLA).

25. Instead, Defendant expressed that Plaintiff should have returned to work sooner solely based upon a workers' compensation evaluation obtained by Defendant in mid-December 2020.

26. Defendant also claimed that Plaintiff abandoned her job because she was unable to work due to her disabilities, and in fact, terminated Plaintiff's employment.

27. On or about December 16, 2020, Plaintiff was informed by Unum (Defendant's third-party administrator) that Defendant had terminated her employment.

28. Plaintiff was ultimately medically cleared to resume work effective February 1, 2021 (but had already been terminated).

29. In total, Plaintiff only needed an approximate two-month medical accommodation or FMLA-protected leave.

30. Defendant's management failed to accommodate Plaintiff without first engaging in the interactive process as required under the ADA and without providing any legitimate reason as to why her accommodations could not be granted.

---

[5] *See* 29 CFR § 825.300(d)(1)-(6)

31. Plaintiff believes and therefore avers that she was terminated/constructively terminated because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations/workers' compensation needs/FMLA-eligible needs (which constitutes illegal retaliation); (5) her expressed concerns of disability discrimination; and (6) Defendant's failure to accommodate her (discussed *supra*).

### – Gender Discrimination/Pay Disparities Based Upon Gender –

32. Separately and apart from the disability/workers' compensation/FMLA related discrimination/retaliation that Plaintiff was subjected to during her employment with Defendant (discussed *supra*), Plaintiff was also subjected to gender discrimination/pay disparities.

33. During Plaintiff's employment with Defendant, she observed clear gender discrimination which was pervasive in the workplace. Plaintiff was one of the only female machine operators in the business which was male dominated, and management favored men.

34. Several months before Plaintiff's aforesaid workplace injury, she was involuntarily switched to the receiving department (which was harder on Plaintiff's arthritis and health problems) and, at times, was only permitted to fill in for breaks taken by male employees. This also resulted in lesser overall work hours and pay to Plaintiff.

35. Plaintiff believes and therefore avers that she was also subjected to gender disparities while employed (resulting in lesser income to Plaintiff and more difficult work).

### Count I
### Violations of the Family and Medical Leave Act ("FMLA")
**(Interference & Retaliation)**
-Against Both Defendants-

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

38. Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

39. Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

40. Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C. § 2611(4)(A)(i).

41. Plaintiff was entitled to receive leave pursuant to 29 U.S.C. § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

42. Plaintiff was terminated in close proximity to her requests for intermittent and/or block FMLA leave.

43. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) failing to inform Plaintiff of her individualized FMLA rights regarding her FMLA-qualifying leave for her serious health conditions, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (5) engaging in conduct which discouraged Plaintiff from exercising her FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave; (6) failing to designate Plaintiff's requests for time off for her serious health conditions as FMLA-

qualifying or FMLA protected leave; and (7)) failing to reinstate Plaintiff to the same or similar position upon her return from FMLA leave

44. These actions as aforesaid constitute violations of the FMLA.

**Count II**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
(1) Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate;
[3] Retaliation; and [4] Wrongful Termination)

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to lifting, carrying and working.

47. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

48. Plaintiff kept Defendant informed of her serious medical conditions and need for medical treatment and other accommodations.

49. Plaintiff requested reasonable accommodations from Defendant, including but not limited to a brief medical leave to care for and treat her disabilities.

50. As a result of her aforesaid disabilities and requests for accommodations, Plaintiff was subjected to discriminatory and disparate treatment.

51. In close temporal proximity to requesting accommodations for her own health conditions, Plaintiff was abruptly terminated for pretextual reasons.

52. Plaintiff believes and therefore avers that she was terminated because of: (1) her known and/or perceived health problems; (2) her record of impairment; and (3) her requested accommodations (which constitutes illegal retaliation).

53. Defendant failed to accommodate Plaintiff by failing to engage in the interactive process and refusing to hold Plaintiff's position open and/or reinstate her when she was able to return from her brief medical leave.

54. Defendant's actions as aforesaid constitute violations of the ADA.

## Count III
## Common-Law Wrongful Discharge
### (Public Policy Violation)

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking workers' compensation benefits and/or for her work-related injuries (as discussed *supra*).

57. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc*., 584 Pa. 297, 883 A.2d 511, 516 (2005).

58. The temporal proximity and retaliatory animus between Plaintiff's claim for workers' compensation and her termination creates an inference that her termination was in retaliation for making such a claim.

59. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**Count IV**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**[1] Gender Discrimination; [2] Unequal Pay; and [3] Hostile Work Environment**

60. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61. Plaintiff was subjected to unequal pay based upon her gender; a hostile work environment; and was terminated/had her position allegedly eliminated, as a result of her gender (female).

62. These adverse actions were taken against Plaintiff on account of her gender constitute violations of Title VII.

**Count V**
**Violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the "Equal Pay Act"]**
**(Discrimination)**

63. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64. Plaintiff was not properly paid an equal rate for equal work as compared to her male counterpart(s) in the same workplace.

65. These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated:   June 8, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sabrina Blackman | : | CIVIL ACTION |
| v. | : | |
| Tysons Foods, Inc. d/b/a Tysons Foods | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| 6/8/2021 | *[signature]* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 8214 Frankford Avenue, Apt 6, Philadelphia, PA 19136

Address of Defendant: 520 E. Hunting Park Avenue, Philadelphia, PA 19124

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/8/2021   _____ (signature)   ARK2484 / 91538
        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/8/2021   _____ (signature)   ARK2484 / 91538
        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BLACKMAN, SABRINA

**DEFENDANTS**
TYSONS FOODS, INC. D/B/A TYSONS FOODS

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation / 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000); 29USC206; 29USC215a3
Brief description of cause:
Violations of the ADA, FMLA, Title VII, 29USC206, 29USC215a3, PA Common Law, PHRA and PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: 6/8/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

Print | Save As... | Reset